**Davis v. Gish**

*Leonard V. Fodera* and *Allison Long,* for plaintiff.

*Andrew H. Briggs* and *Karen E. Minehan,* for defendants Gish and Lancaster Emergency Associates.

*Christopher W. Mattson* and *Megan R. Ford,* for defendant Lancaster General Hospital.

FARINA, *P.J.,* August 23, 2007—Presently before the court is defendant's preliminary objection in the nature of a demurrer to plaintiff's amended complaint. Defendant Lancaster Emergency Associates Ltd. (LEA) contends that the claim against it is a corporate negligence claim that Pennsylvania does not recognize as a theory of liability against a medical professional corporation.

As alleged in the complaint, this matter arose from emergency care rendered to plaintiff Davis on January 9, 2007. Plaintiff presented to defendant Lancaster General Hospital with complaints of right groin and testicular pain. Plaintiff was assigned to defendant Dr. Jonathan S. Gish, who is an employee and/or agent of defendants Lancaster General Hospital and LEA.

A physical exam performed by defendant Gish revealed that plaintiff had an enlarged right testicle, approximately twice the size of the left. Defendant Gish diagnosed plaintiff as suffering from epididymitis although no ultrasound or urinalysis were conducted. Plaintiff was discharged around 6:49 p.m. by defendant Gish with a prescription for Cipro.

On January 14, 2007, plaintiff presented to the emergency department of defendant Lancaster General Hospital with a four-day history of progressively worsening right testicular pain. A Doppler ultrasound was performed revealing an absence of blood flow to the right testis. The impression was right testicular torsion with probable infarction. That day plaintiff underwent a right scrotal orchiectomy and left orchipexy. Plaintiff was discharged on January 16, 2007.

This action was filed March 21, 2007, and the complaint was served upon defendants on April 3, 2007. On April 30, 2007, plaintiff filed an amended complaint after discussing defendants' objections to said complaint with counsel. The complaint includes allegations of professional medical liability and corporate negligence. On May 31, 2007, counsel for defendant LEA filed preliminary objections to the amended complaint.

Defendant LEA argues that plaintiff's corporate negligence claim, paragraph 24 of the amended complaint, has failed to state a cognizable claim required by Pa.R.C.P. 1019(a). The allegation in question states:

"(24) The negligence of defendant LEA also consists of the following:

"(a) failing to supply adequate and skilled medical personnel who could reasonably and safely monitor the physical conditions of plaintiff during the aforementioned treatment;

"(b) utilizing substandard medical techniques in the performance of the aforementioned treatment upon the plaintiff;

"(c) failing to conform to accepted standards of medical practice and care in the diagnosis, treatment and medical and surgical management of an injury of the type suffered by plaintiff as described in the aforementioned paragraphs and subparagraphs;

"(d) failing to provide adequate supervision of its staff and employees to insure that proper medical practices and procedures are followed;

"(e) failing to employ or hire doctors and nursing staff with adequate experience, qualifications and skills to treat persons exhibiting symptoms and complaints as were exhibited by plaintiff;

"(f) failing to employ or hire doctors and nursing staff with adequate experience, qualifications and skills properly to perform medical procedures upon person exhibiting symptoms and complaints as were exhibited by plaintiff; . . . ."

Defendant relies on *Thompson v. Nason Hospital*, 527 Pa. 330, 591 A.2d 703 (1991); *Shannon v. McNulty*, 718 A.2d 828 (Pa. Super. 1998); and *Sutherland v. Monongahela Valley Hospital*, 856 A.2d 55 (Pa. Super. 2004), in arguing that professional medical corporations are not held liable for corporate negligence within Pennsylvania. In *Thompson* the Supreme Court defined corporate negligence as a "doctrine under which the *hospital* is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being at the hospital. This theory . . . creates a nondelegable duty[1] which the hospital owes directly to a pa-

---

1. Duties include: (1) to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) to select and retain only

tient." 527 Pa. at 339, 591 A.2d at 707. (emphasis added) Defendant LEA argues that the courts have yet to extend the *Thompson* duties to professional corporations and therefore cannot be liable under the theory of corporate negligence.

Although the policy considerations for extending liability for corporate negligence beyond hospitals were further elaborated upon in *Shannon,* this does not apply to defendant. In *Shannon,* the Superior Court held that health maintenance organizations (HMOs) could be liable for breaching any of the corporate duties that were enumerated in *Thompson.* 718 A.2d at 835-36. In deciding to extend the claim for corporate negligence to HMOs, the Superior Court noted that HMOs "involve themselves daily in decisions affecting their subscriber's medical care. These decisions may, among others, limit the length of hospital stays, restrict the use of specialists, prohibit or limit post-hospital care, restrict access to therapy, or prevent rendering of emergency room care." *Id.* at 835.

More recently, in 2004, the Superior Court was confronted with the issue of whether the claim of corporate negligence should be extended to entities such as physician's offices. *Sutherland,* 856 A.2d at 61. After considering the policy considerations behind the claim of corporate negligence, the Superior Court declined to extend this theory of liability to entities such as physi-

---

competent physicians; (3) to oversee all persons who practice medicine within its walls as to patient care; and (4) to formulate, adopt and enforce adequate rules and policies to ensure quality care for patients.

cian's offices. *Id.,* 856 A.2d at 62. Specifically, the Superior Court noted that "the corporate hospital of today has assumed the role of comprehensive health center with responsibility for arranging and coordinating the total health care of its patients. The same cannot be said for a physician's practice group." *Id.* (quoting, in part, *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991)).

Plaintiff, in his amended complaint, has not set forth any factual allegations to suggest that defendant LEA has taken any actions that would lead to the conclusion that it was performing the same or similar functions as a hospital in arranging, managing, or coordinating the total care of patients. Due to the lack of factual allegations to suggest that defendant LEA was taking an active role in patients' care, the policy reasons for extending the claim of corporate negligence beyond hospitals to other entities, such as HMOs, does not apply to LEA in the present case. Accordingly defendant LEA has shown with certainty that, upon the facts averred, the law will not permit recovery for the plaintiff.

Accordingly, I enter the following:

## ORDER

And now August 23, 2007, upon consideration of defendant Lancaster Emergency Associates Ltd.'s preliminary objection and the briefs of the parties, it is hereby ordered and decreed that defendant's preliminary objection is granted and the corporate negligence claim against defendant is stricken from paragraph 24 of the amended complaint and dismissed.